**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**WILFREDO BARRIOS, # 21080-112,**

**Petitioner,**

      **vs.**                         **Case No. 14-cv-26-DRH**

**JAMES N. CROSS,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, currently incarcerated in FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his conviction and sentence.  The petition was filed on January 10, 2014.

On September 3, 2003, petitioner was convicted in the Southern District of Indiana of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846 (Count I), and engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a) and (b) (Count II).  *United States v. Gant, et al.*, Case No. EV 02-CR-02-05 (S.D. Ind.).  He was sentenced to a mandatory life term for Count II. After petitioner's direct appeal, the Seventh Circuit ordered a limited remand pursuant to *Booker* and *Paladino*, wherein the district court reaffirmed that it would impose the same sentence as to Count I in light of the advisory nature of the Sentencing Guidelines.  *See United States v. Booker*, 543 U.S. 220 (2005); *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005).  The life sentence

for Count II was a mandatory minimum sentence, and thus was not subject to reconsideration in the limited remand. Petitioner's conviction and sentence were affirmed.

He then filed a timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, raising issues of ineffective assistance of trial and appellate counsel, a defective indictment, violation of his rights under the Vienna Convention (he is a citizen of Guatemala), and improper double punishment under 21 U.S.C. §§ 846 and 848. *Barrios v. United States*, Case No. 07-cv-130 (S.D. Ind., filed Sept. 27, 2007). Petitioner was represented by counsel in that proceeding. The government was ordered to respond, and discovery was allowed including depositions of petitioner's former trial and appellate counsel. Petitioner was given several extensions of time to file his reply, and the government filed a sur-reply. Ultimately, the trial court vacated petitioner's conspiracy conviction under 21 U.S.C. § 846 as a lesser included offense to supervising a continuing criminal enterprise (CCE) under 21 U.S.C. § 848, but denied relief on all his other claims. *Barrios v. United States*, Case No. 07-cv-130 (S.D. Ind., Doc. 56, Sept. 27, 2012). Petitioner remained subject to the life sentence for the CCE conviction. Both the district court and the Seventh Circuit declined to issue a certificate of appealability from the order disposing of petitioner's § 2255 motion, and on November 18, 2103, the Supreme Court denied his petition for a writ of *certiorari* (Doc. 1, p. 2).

This § 2241 petition followed. In it, petitioner raises just one issue: that

the trial court violated his First Amendment rights to access the court in his § 2255 proceeding, when it "fail[ed] to adhere to the statutory provision set forth in 28 U.S.C. § 2255(b)" and denied him a "mandatory hearing" on his motion (Doc. 1, pp. 7, 13).  As relief, he seeks the reinstatement of his § 2255 petition and for the district court to comply with the procedure in § 2255(b) (Doc. 1, p. 11).

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.  After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Ordinarily, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus.  A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991).  Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases

pursuant to the "savings clause" of § 2255(e).  28 U.S.C. § 2255(e).  The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention.  *Id.*; *see United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).  The fact that petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy.  *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).  Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit recently reiterated the rule that a § 2241 petition can only be used to attack a conviction or sentence when the § 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention."  *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted).  "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'"  *Id.* (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)).  Actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)."  *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here.  Petitioner does not suggest that the charged

conduct is no longer a crime, or that he had a legal theory establishing his actual innocence which he could not have presented in his § 2255 proceeding. Instead, he merely attacks the trial court's handling of his § 2255 motion. This claim does not fall within the "savings clause" of § 2255(e), and § 2241 cannot provide him with the relief he seeks.

This Court does not see any error in the trial court's determination that, after reviewing all the pleadings filed by petitioner and the government, it could rule on petitioner's § 2255 motion without the necessity for an evidentiary hearing. By the terms of the statute itself, no hearing is required if the court determines that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Further, if a hearing is conducted, the court has authority to "entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255(c).

In petitioner's case, the trial court found that petitioner was entitled to some relief with regard to the unauthorized double punishment for the lesser-included offense of conspiracy to distribute drugs. After drawing that conclusion, the court corrected the sentence and issued an amended judgment in accordance with the directive in § 2255(b) to "vacate and set the judgment aside . . . or correct the sentence as may appear appropriate." However, after fully examining petitioner's other three arguments in light of the record and applicable law, the court found that he was not entitled to further relief under § 2255 on any of those

grounds.   The court's disposition of those remaining grounds amounted to a finding that the motion, files, and records "conclusively show that the prisoner is entitled to no relief" as contemplated in § 2255(b).   As such, the court was not required to hold a hearing on those claims under the provisions of that section. Contrary to petitioner's assertion, § 2255(b) does not create a "right" to a "mandatory hearing," nor did the court's action violate his First Amendment right to petition the court for redress.   His claims were fully considered as provided in § 2255.   Aside from petitioner's complaint that the court should have held a hearing on his motion, he does not allege that the court erred in any of its legal conclusions as to the merits of his claims, nor does he indicate how the outcome of his § 2255 motion might have differed if a hearing had been ordered.

The proper forum for petitioner to have raised his claim of error in the court's handling of his § 2255 motion was in the appeal from the court's order in that case.   A habeas petition under § 2241 is not a substitute for an appeal. Petitioner's present claim is not grounded in any structural defect in the § 2255 procedure which prevented him from raising his claims for relief through a § 2255 motion.   He presented and argued all his claims in his § 2255 action, but merely disagrees with the manner in which the court conducted that proceeding. His claim cannot be addressed in a habeas action under § 2241.

## Disposition

To summarize, petitioner has not demonstrated that the § 2255 procedure was structurally inadequate to adjudicate his claims.   Consistent with *In re*

*Davenport*, petitioner cannot raise his present claim through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 31st day of January, 2014.

Digitally signed by
David R. Herndon
Date: 2014.01.31
17:06:32 -06'00'

**Chief Judge
U.S. District Court**